UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALPHONSO KIRKSEY,

Petitioner,

                                                          OPINION AND ORDER

-against-                              14-cv-8265 (NSR) (LMS)

SUPERINTENDENT GRIFFIN,

Green Haven Correctional Facility,

Respondent.

------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      On or about October 15, 2014, Petitioner, Alphonso Kirksey ("Kirksey" or "Petitioner"), a pro se inmate convicted of, inter alia, attempted murder, assault, and criminal possession of a weapon, filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his 2009 state court conviction was unconstitutionally obtained. Petitioner alleges that: his trial counsel was ineffective in failing to establish an intoxication defense, counsel was ineffective in failing to assert a double jeopardy defense, counsel's "ineffectiveness rose to the level of a complete denial of counsel, the quantity of errors as a whole and their cumulative effect deprived petitioner of a fair trial, Petitioner was denied a fair trial because he was forced to participate in the trial in prison clothes, Petitioner was deprived of a fair trial by the trial judge's failure to recuse himself after exhibiting bias towards Petitioner, the assault counts relative to Officer Eltz and Connie Sackett should have been separated (severed) from the attempted murder trial, the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2017

1

trial court erred in failing to preclude evidence of prior bad act altercation between petitioner and victim Sackett, the trial court erred in precluding Sackett's post incident letters to Petitioner, and Petitioner's conviction was against the weight of the evidence. (Docket No. 18.) By decision and order, dated July 31, 2017, the Honorable Magistrate Judge Lisa M. Smith ("MJ Smith") issued a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending the petition be dismissed in it entirety. Despite being granted an extension of time, Petitioner has not filed an objection to the R&R. For the following reasons, the Court adopts the R&R in its entirety, and petition is DISMISSED.

## BACKGROUND

Following a jury trial in New York Supreme Court, Orange County, Petitioner was convicted of multiple criminal offenses, including Attempted Murder in the First Degree (N.Y. Penal Law §110-125.27), Attempted Murder in the Second Degree (N.Y. Penal Law §110-125.25), Assault in the First Degree (N.Y. Penal Law § 120.10), and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02). Petitioner was sentenced to an aggregate term of imprisonment of twenty-five years to life, to be followed by five years of post release supervision. (Docket No. 18, Ex. 13) Petitioner unsuccessfully appealed his conviction to the New York State's intermediate appellate court, *People v. Kirksey*, 107 AD3d 825 (2nd Dep't. 2013) (Exhibit 17.), and was denied leave to appeal to the New York State Court of Appeals. *People v. Kirksey*, 22 N.Y.3d 956 (2013). On or about October 6, 2014, Petitioner filed the instant petition challenging the constitutionality of his detention. Thereafter, Petitioner filed an amended petition. In his amended petition, the operative petition, Petitioner asserts multiple claims sounding in ineffective assistance of counsel, lack of legal sufficiency for the conviction and procedural due process errors.

## STANDARD OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). Any state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

To the extent a petition makes specific objections to an R&R, those parts must be reviewed de novo. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*,

121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066 (HB) (FM), 2008 WL 772568, at * 6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a petitioner's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446 LTS HBP, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Courts "generally accord[] leniency" to objections of pro se litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-cv-6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted). However, the pro se party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

## DISCUSSION

Here, the R&R was issued on July 31, 2017, and the deadline for filing objections was August 17, 2017. By letter application, dated August 8, 2017, Petitioner sought and was granted

4

an extension until September 25, 2017, an additional thirty nine days, to file his objection. Despite the passage of the allotted time, Petitioner did not file an objection. The Court therefore reviewed MJ Smith's R&R for clear error and found none. MJ Smith determined "Petitioner's claims present no questions of substance for review." In particular, MJ Smith reviewed and determined, inter alia, that Petitioner's claims premised on ineffective assistance of counsel were fully exhausted, resolved on the merits, and or such determinations were not contrary to or an unreasonable application of U.S. Supreme Court precedent. Similarly, MJ Smith determined that Petitioner's claims premised on legal sufficiency and weight of the evidence, and alleged erroneous trial court rulings, lacked merit and did not warrant the granting of the petition.

## CONCLUSION

For these reasons, the Court finds no clear error and adopts MJ Smith's R&R in its entirety. The petition for a writ of habeas corpus is therefore dismissed in its entirety. The Clerk of Court is directed to close this case.

Dated: October 30, 2017
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge