UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALPHONSO KIRKSEY,

                Petitioner,          14-cv-8265 (NSR)
    -against-

                            OPINION & ORDER

THOMAS GRIFFIN, *Superintendent of the Green Haven Correctional Facility*,
                Respondent.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Alphonso Kirksey ("Petitioner"), proceeding *pro se*, had filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 before this Court. Following a jury trial in 2009, Petitioner was convicted for attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, attempted aggravated assault on a police officer, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. Petitioner was sentenced to an aggregate term of imprisonment ranging from twenty-five years to life with five years of supervised release. Currently pending before the Court is Petitioner's motion for reconsideration (ECF No. 46) of this Court's October 30, 2017 Opinion which dismissed Petitioner's petition for a writ of habeas corpus. ("October Opinion," ECF No. 42.) For the following reasons, Petitioner's motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

Following Petitioner's convictions and the exhaustion of his state court appeals, he timely filed a petition for a writ of habeas corpus on October 15, 2014. (ECF No. 1.) On January 29,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/2019

2015, Petitioner sought to stay his habeas petition to allow him to submit a state court motion to vacate his judgment of conviction so that he could exhaust additional claims. Magistrate Judge Lisa M. Smith denied Petitioner's motion for a stay, liberally construed the motion as a motion to amend the petition, and granted the motion to amend the petition in part. Petitioner filed an amended petition for habeas corpus on April 8, 2015 (ECF No. 18) and argued that habeas corpus should be granted for the following reasons: (1) His trial counsel was ineffective based on the attorney's failure to establish an intoxication defense, raise a double jeopardy claim, or present evidence to support his defense; (2) his trial counsel's ineffectiveness rose to a level of complete denial of counsel; (3) the quantity of errors as a whole deprived Petitioner of a fair trial; (4) Petitioner was forced to wear prison clothes at his trial which also denied him a fair trial; (5) the judge's failure to recuse himself after exhibiting bias toward petitioner and the charged crime deprived Petitioner of a fair trial; (6) the trial court erred in not separating the trials between the events related to the attack on Connie Sackett and the attack on Officer Eltz; (7) the trial court erred in allowing evidence of Petitioner's prior alteration with Sackett; (8) the trial court erred in failing to allow Sackett's post-incident letters to Petitioner into evidence; and (9) Petitioner's conviction was against the weight of the evidence. (Pet'r's Am. Pet. for Habeas Corpus, pp. 3 – 4, ECF No. 18.)

On July 31, 2017, Judge Smith issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. ("R & R," ECF No. 39.) Petitioner's objections were originally due by August 14, 2017, but upon Petitioner's letter request, he was granted an extension until September 25, 2017. (ECF No. 40.) However, Petitioner did not file his objections until October 26, 2017. The Court

deemed Petitioner's late submission to be a motion for reconsideration of the Court's October Opinion.  (ECF No. 45.)

## STANDARDS OF REVIEW

### I.  Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. Standard for a Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a reconsideration motion is strict. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311 – 12 (S.D.N.Y. 2012) (internal citation omitted); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly . . . ." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted); *see In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (noting that reconsideration should be used sparingly "in the interests of finality and conservation of scarce judicial resources"). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

These motions are "addressed to the sound discretion of the district court . . . ." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991).

**DISCUSSION**

In his motion for reconsideration, Petitioner argues that the Court erred when it determined that Judge Smith's holding that his trial counsel was not ineffective for failing to establish his intoxication defense was not clear error.[1] Petitioner also asserts that his counsel was ineffective for failing to consult with Petitioner before removing a juror from the panel. Additionally, Petitioner objects to the Court's holding that Judge Smith did not commit clear error when she held that the state court's refusal to admit Sackett's post-incident letters because they were inadmissible hearsay to be reasonable. Finally, Petitioner contends that the ineffective assistance of counsel, the preclusion of Sackett's letters, and the inclusion of the two assault counts even though they were "inclusory" of the attempted murder counts cumulatively amounted to a denial of a fair trial and the Court erred in dismissing this claim.[2] The Court finds that Petitioner has failed to show that the extraordinary remedy of reconsideration is warranted.

---

[1] Specifically, Petitioner argues that his trial attorney was ineffective in establishing the intoxication defense because the attorney failed to call an expert witness to establish the defense.

[2] As an afterthought, in one sentence in the last paragraph of the motion, Petitioner asks that the Court "not procedurally bar the unpreserved issues and allow both the State and the [P]etitioner the opportunity to resolve the matters properly." (Pet'r's Mot. for Recons. p. 6.) Petitioner does not present nor can the Court discern any intervening change of controlling law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice related to this request. Moreover, the Court is not required to defer a procedural bar of issues Petitioner failed to exhaust in state court. "[T]he liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted). Regardless, at this stage, as his case is closed and his motion for reconsideration is denied, Petitioner's request is moot.

### A. Intoxication defense

Petitioner offers no new controlling law or evidence to give the Court cause to reconsider its October Opinion that Judge Smith did not commit clear error in determining that the trial attorney's failure to call an expert witness to support the intoxication defense did not amount to ineffective assistance of counsel.

Petitioner argues that "regardless of the loss of one of his witnesses,"[3] the trial attorney should have presented an expert witness and cites to cases in which New York courts remarked upon the absence of expert testimony to support an intoxication defense. (Pet'r's Mot. for Recons. p. 2, ECF No. 46.) However, this is not new controlling law or evidence that the Court did not consider in its previous October Opinion. As Judge Smith noted, there was specific evidence that Petitioner formed the requisite intent required to commit the charged crimes. (R & R p. 23.) The Second Circuit has denied an ineffective assistance of counsel claim based on the failure to introduce expert testimony about the defendant's intoxication because, as in this case, that testimony would not have made a difference in light of the strong evidence that the defendant formed the intent required for the charged crimes. (R & R p. 25); *Waiters v. Lee*, 857 F.3d 466, 481 (2d Cir. 2017).

Accordingly, because Petitioner presents no new evidence or caselaw or otherwise shows clear error or manifest injustice to satisfy the strict standard, his motion for reconsideration of this claim must be denied.

---

[3] Judge Smith notes that the trial attorney attempted to use the testimony from an individual who was with Petitioner when he was ingesting intoxicants hours before the crimes but notes that the witness refused to cooperate. (R & R p. 28.)

### B. Removal of the juror from the panel

Petitioner argues for the first time that his trial counsel was ineffective for failing to consult with him before removing a potential juror from the panel. However, this new evidence, if it can be considered as such, of insufficient assistance of counsel is not sufficient to justify the extraordinary remedy of reconsideration.

When analyzing an ineffective assistance of counsel claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [ ] strategy.' " *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). A defendant claiming ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

In support of his claim, Petitioner cites to *People v. Ganett* in which the court noted that defendants must "have the opportunity personally to view and scrutinize the panel of prospective jurors and to confer and participate with his counsel in selection of the trial jury." 68 A.D.2d 81, 87 (N.Y. App. Div. 4th Dep't 1979) (citations omitted). However, that court also denied the defendant's motion to dismiss the indictment and concluded that the defendant failed to show that he suffered prejudice from the method of conducting jury selection, which included the trial judge asking potential jurors questions in the presence of the defendant. *Id.* Regardless, the case cited to by Petitioner is not for ineffective assistance of counsel but for a denial of due process. Petitioner provided, and the Court was able to locate, no case law to show that it is not within

reasonable professional judgment for an attorney to dismiss a potential juror without consulting the defendant. In selecting a jury, attorneys often must rely on their own judgments and experiences about a juror's sympathies or predispositions. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 147 (1994). The Petitioner has offered nothing, beyond a speculative comment, to overcome the presumption that, under the circumstances, the attorney's decision to dismiss the juror was not sound strategy.

Assuming that Petitioner intended to allege that the dismissal of the juror was a due process violation or a violation of his rights under the Sixth Amendment, reconsideration is still not warranted. Similar to *Ganett*, there is no evidence here that Petitioner's rights to due process or a fair trial was prejudiced or endangered in any way when his counsel failed to consult with him before removing a juror from the panel. *See Ganett*, 68 A.D. 2d at 87 (holding that the defendant failed to show that he was prejudiced and noting that "in the absence of a showing of prejudice, it is well settled that mere irregularities in the drawing of grand and petit jurors are not a ground for reversing a conviction"). Because Petitioner did not cite to any controlling law or otherwise show the need to correct a clear error in the Court's October Opinion, his motion for reconsideration on this point must also be denied.

### C. Sackett's post-incident letters

Petitioner fails to meet the strict standard required for the grant of a motion to reconsider the dismissal of his claims that the trial court's refusal to admit Sackett's letters violated his Fourteenth Amendment rights.

According to Petitioner, Sackett's letters were relevant as she was the "leading witness" to one of the crimes and her statements in the letters were based on her "prior familiarity" with Petitioner; they should have been admitted to show his "intentions towards her." Tellingly, this

8

is the exact reason the Court agreed with Judge Smith's determination that the state court was reasonable to exclude the statements as inadmissible hearsay. Out of court statements cannot be introduced for the truth of the statements absent an exception. Fed. R. Evid. 801, 802; *United States v. Cardascia,* 951 F.2d 474, 486 (2d Cir. 1991). Petitioner sought to use Sackett's statements in her letters that Petitioner "did not mean to hurt her" for the truth of those statements and failed to show that any hearsay exception applied.[4] Accordingly, Petitioner's motion to reconsideration is denied.

### D. Cumulative Errors

Reconsideration of Petitioner's claim that the cumulative effects of ineffective assistance of counsel, the failure to admit Sackett's letters, and the inclusion of the two assault counts even though they were "inclusory" of the attempted murder counts cumulatively amounted to a denial of a fair trial is also not warranted. Petitioner cites to no new caselaw or evidence which would justify the extraordinary remedy of reconsideration. When the Court issued its October Opinion, it was aware that "[h]abeas relief may be justified based on the cumulative effect or [sic] errors." (Pet'r's Mot. for Recons. p. 6) (quoting *Joyner v. Miller*, No. 01-CV-2157(WHP)(DF), 2002 WL 1023141, at *13 (S.D.N.Y. Jan. 7, 2002)); (R & R p. 40.) However, for the reasons discussed below, the Court did not commit clear error when it determined that Judge Smith did not err in determining that the cumulative effect of errors Petitioner invoked did not amount to a denial of a fair trial.

The Court explained earlier in this Opinion that Petitioner did not establish that his counsel was ineffective for failing to prove an intoxication defense and that Judge Smith did not

---

[4] The Court notes that none of the hearsay exceptions listed in Federal Rule of Evidence 803 apply to the statements in Sackett's letters and that Petitioner failed to show that Sackett was unavailable within the meaning of Federal Rule of Evidence 804 to allow for the admission of the statements in the letters.

9

commit clear error in determining that the state court was reasonable to find Sackett's letters to be inadmissible hearsay. Thus, two out of three of the cumulative errors Petitioner describes in his motion (Pet'r's Mot. for Recons. p. 6) are not errors.

Turning to Petitioner's alleged third error, Petitioner excluded this claim from his amended petition for habeas corpus. However, out of leniency to the *pro se* Petitioner, the Court will consider it now. Attempted murder in the first degree and attempted murder in the second degree, assault in the first degree, and attempted aggravated assault on a police officer, all of which Petitioner was convicted, are separate charges. It was not unreasonable for the state court to allow the jury to consider both the attempted murder and the assault charges for each of the crimes because it was possible for Petitioner to be convicted on each of those charges. *See Grady v. Conway*, No. 11-CV-7277(KPF)(FM), 2015 WL 5008463, at *1 (S.D.N.Y. Aug. 24, 2015) (noting that for two separate crimes, the petitioner was convicted of both attempted murder in the first degree and assault in the first degree and both attempted murder in the second degree and assault in the second degree); *People v Boomer*, 230 A.D.2d 941, 941 – 43 (N.Y. App. Div. 3d Dep't 1996) (denying the defendant's appeal from a judgment convicting the defendant of attempted murder in the first degree and attempted aggravated assault on a police officer); *People v Draper*, 178 A.D.2d 489, 489 (N.Y. App. Div. 2d Dep't 1991) (affirming the conviction of the defendant for attempted murder in the second degree and attempted aggravated assault on a police officer).

## CONCLUSION

For these reasons, the Court denies Petitioner's motion for reconsideration. The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and show proof of service on the docket.

Dated: March 1, 2019
      White Plains, New York

SO ORDERED:

_____
Nelson S. Román
United States District Judge